Nos.  26-2425

_____

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

_____

UNITED STATES OF AMERICA ex rel. RONDA OSINEK, *et al*,

Appellees,

v.

Jeffrey Mazik,

Claimant - Appellant

_____

Appeal from the Honorable Hon. Edward M. Chen
United States District Court Judge
Northern District of California, Lead Case No. 3:13-cv-03891-EMC

_____

**MOTION FOR EXTENSION OF TIME TO SERVE AND FILE
OPENING BRIEF AND EXCERPTS OF RECORD**

Jeremy L. Friedman,
   CA Bar No. 142659
Attorney at Law
2801 Sylhowe Road
Oakland, CA 94602
Telephone: (510) 530-9060
Facsimile: (510) 530-9087
E-mail: jlfried@comcast.net

Warner Mendenhall (**In Memoriam**)
   OH Bar No. 70165
MENDENHALL LAW GROUP
190 North Union Street, Suite 201
Akron, OH 44304
Tel: (330) 535-9160
Fax: (330) 762-9743
Email: warner@warnermendenhall.com

Attorneys for Appellant Jeffrey Mazik

**MOTION FOR EXTENSION**

Pursuant to Ninth Circuit Local Rule 31-2.2(b), appellant Jeffrey Mazik, claimant in the action below and relator in the *qui tam* action in the Eastern District of California, titled United States *ex rel.* Mazik, *et al.*, v. Kaiser Foundation Health Plan, *et al.*, No.: 2:19-cv-00559-DAD-JDP, by and through his counsel, seeks an extension of time in which to serve and file the opening brief and excerpts of record on this appeal. This is appellant's second request for an extension of time in this appeal, following an initial 30-day extension granted on June 29, 2026, pursuant to the Court's streamlined request process. The opening brief and excerpts of record are currently due on August 5, 2026. For the reasons stated herein, appellant seeks an extension until September 10, 2026, in which to file. The United States consents to this request.

The requested extension of time is reasonable and necessary under the circumstances of this appeal.  This is an appeal from the Judgment entered against appellant on the 10th of April, 2026 (ECF 462), pursuant to Rule 58 of the Federal Rules of Civil Procedure, in accordance with the Court's Order of the same date (ECF 461). In the orders on appeal, the district court denied Mr. Mazik's motion for a share of the settlement proceeds in the court below under the alternate remedy provision of the False Claims Act, 31 U.S.C. § 3730(c)(5). In his motion, Mr. Mazik claimed entitlement to a share of the $556 million settlement between defendants, the United States and certain relators in the consolidated False Claims Act action. He requested 8% of the proceeds – the statutory minimum of an apportioned share applicable to Mr. Mazik's claim, and one that did not reduce the shares to which the relators in the consolidated action were entitled.

Appellant's counsel require additional time in which to prepare and file the opening brief. The district court's orders frame complex appellate issues that will require additional research and development before the brief may be prepared. To prepare the excerpts and support the appellate briefing, Mr. Mazik's attorneys

1

requires time to review the substantial district court records, including pleadings, orders and transcripts. Appellant was not previously a party to the underlying consolidated action, and he did not appear in those proceedings until he filed his notice of claim subsequent to the announcement of the settlement. It will take Mr. Mazik's counsel additional time to become familiar with the record, and to determine which excerpts are necessary to include in the briefing.

Mr. Mazik's counsel have been delayed from being able to perform the necessary work. Subsequent to the filing of the notice of appeal in this case, Warner Mendenhall – counsel for appellant – passed away. Mr. Mendenhall's name currently remains on the caption marked "In Memoriam." The Mendenhall Law Group is undergoing a change since its founder's passing, and new or additional associated counsel will appear for Mr. Mazik in this Court and the courts below. The undersigned counsel has been preoccupied interacting with family members, friends and colleagues, and in coordinating work with members of Mr. Mendenhall's firm. Counsel has had, and is continuing to have, multiple meetings with other attorneys on the jointly prosecuted cases. He will be traveling to Akron, Ohio during the first week of August.

In addition to the passing of counsel, the undersigned attorney has been, and will be, largely unavailable to perform work required for the preparation and drafting of opening brief until the requested extended date. Prior and imminent pre-existing conflicts have included:

- Counsel had primary responsibility to prepare and file a petition for a writ of certiorari in the Supreme Court, which was filed on July 20, 2026, in Cross v. Central Contra Costa Transit Authority, Case No. 26-100. A previous 60-day extension was granted by Justice Kagan, and no further extensions were possible.

- Counsel has sole responsibility to prepare and file a petition for rehearing *en banc* in the Eleventh Circuit, United States *ex rel.* Stillwell vs. State Farm Fire and Casualty Co., *et al.*, Case No. 21-13740-HH. The deadline for the *en banc* rehearing petition was previously extended by the Eleventh Circuit twice, and the current deadline is July 30, 2026.

- Counsel has sole responsibility to prepare a brief and separate statement in support of a Social Security Disability complaint filed in the Eastern District of Missouri, in Lawrence v. Bisignano, Case No. 4:25-cv-01892-RWS. The case involves two extensive administrative records and is on review in the district court for a second time. The deadline for the briefing has been extended by the court on two occasions, and the current deadline is August 20, 2026.

- Counsel has primary responsibility for pursuing a putative class action pending Alameda County Superior Court, in Christopher Rake, M.D., *et al.* v. Regents of the University of California, Case No. 22CV019075. Attorney Warner Mendenhall was co-counsel in that case, and following his passing, several extensions have been granted on case deadlines, including the date for filing cross-motions for summary judgment and class certification. Trial in that matter was recently set for August of 2027, and counsel anticipates that motion hearing dates will be determined towards the end of August.

- On August 13, 2026, counsel will be a participant in a previously scheduled webinar for members of two legal organizations, touching on topics related to the False Claims Act. A substantial amount of time will be required of counsel to prepare for the event.

3

In addition, counsel had two personal conflicts that were unavoidable, and which have limited counsel's availability. First, the undersigned had pre-existing, pre-paid plans to travel out of state from June 20 to June 28, 2026. During this travel plan, counsel joined with about 60 other individuals who had made arrangements for nearly a year to meet up at that time. Second, as noted above, counsel will be traveling to Akron Ohio, and will include a trip to a conference in Chattanooga, Tennessee, where he plans to meet with clients and co-counsel about ongoing case work requiring his attention.

An extension of time until September 10, 2026, should provide sufficient time for appellant's counsel to complete the work necessary for the opening brief. The undersigned is continuing to work with associated counsel, and he has been able to block off time in late August and the first week in September to provide the singular focus on the issues raised by this appeal.

Appellant's counsel communicated with counsel for all appellees regarding this extension request. Appellant was informed that the United States consents to the extension to September 10, 2026. At the time of this filing, counsel was unable to determine if any of the other parties intend to oppose this request.

## CONCLUSION

For the foregoing reasons, appellants request an extension of time until September 10, 2026, in which to file and serve the opening brief and excerpts of record on this appeal.

Respectfully submitted,

Dated: July 29, 2026

Law Office of Jeremy L. Friedman
Mendenhall Law Group

By:   /s/Jeremy L. Friedman
Jeremy L. Friedman

Attorneys for Appellant Jeffrey Mazik

4

## DECLARATION OF COUNSEL

I, Jeremy L. Friedman, declare and state:

1. I am one of the attorneys representing claimant Jeffrey Mazik in his False Claims Act action pending in the Eastern District of California, United States *ex rel.* Mazik, *et al.*, v. Kaiser Foundation Health Plan, *et al.*, No.: 2:19-cv-00559-DAD-JDP. I also was one of the attorneys representing Mr. Mazik in his motion for a share of the settlement proceeds in the *Osinek* matter – the consolidated action from which this appeal arises. I am a member of the bar in this circuit, as well as the First, Fifth, Seventh and Eleventh Circuits, and the United States Supreme Court. I make this declaration based upon my own personal knowledge. If called as a witness, I would and could testify to the following.

2. This is an appeal from the Judgment entered in connection with the district court's denial of Mr. Mazik's motion for a share of the settlement proceeds. The motion was brought pursuant to the alternate remedy provision of the False Claims Act, 31 U.S.C. § 3730(c)(5). The motion leading to this appeal raises complex factual and legal issues on a matter of significance, and the presentation of appellant's opening brief will require substantial additional legal and factual work. Because Mr. Mazik was not a party to the consolidated proceedings below until he filed his notice of claim in January of this year, I am unfamiliar with the extensive district court proceedings. I am working with associated counsel to review the records and determine the issues and arguments that Mr. Mazik will raise with the Court. I have had, and will continue to have, primary responsibility for drafting the pleadings connected with Mr. Mazik's claim, and – as a sole practitioner with an extraordinary case load at the moment – I require an extension of time to perform the necessary work.

3. Co-counsel Warner Mendenhall passed away on the morning of June 8, 2026. Mr. Mendenhall had appeared *pro hac vice* in this district courts in both

5

related *qui tam* actions against the Kaiser defendants, the *Osinek* matter where the motion for a share of the proceeds was filed, and the *Mazik* matter in the Eastern District of California. The attorney had been under medical orders from his physicians in connection with a serious health condition since earlier this year. Since that time, he had limited availability, but he and his law firm had assigned these matters a high priority, and with flexibility provided in this and his other cases, Mr. Mendenhall was able to perform substantial work. Since his passing, I – along with members of his law firm, his clients, and his many co-counsel – have been occupied with the near-term aftermath of his death. This has included support for the family and gatherings of close friends and colleagues; rearrangement of workloads and execution of contingency plans; and consultations with additional counsel on the several cases in which Mr. Mendenhall served as co-counsel. I plan to travel to Akron in the first week of August, after attending a legal conference with clients and co-counsel in Tennessee. During this time, I anticipate that I will expend time working on this appeal, but also that substantial additional time will be required after I return to my office to complete work on the opening brief.

4. The unavoidable pre-existing scheduling conflicts listed in this motion are true and accurate of my own knowledge. I have given this case a high priority, with top priority for this appeal. Nevertheless, I have been, and will be, unable to devote the focused time I believe will be necessary for the opening brief in this case.

5. On July 27, 2026, I sent an email communications to all counsel who participated in the meet and confer in connection with Mr. Mazik's motion for a share of the settlement proceeds, and the attorneys who appeared for the appellees in this appeal. In my communication, I stated that I intended to file this motion seeking an extension of time to September 10, 2026, and I explained the reasons for the request. On July 28, 2026, appellate counsel for the United States responded that the government consents to the requested extension. Although I

exchanged further communications with one of the other appellees, I was unable to determine whether any party intends to oppose the motion.

I declare under penalty of perjury that the foregoing is true and correct of my own knowledge.  Executed this 29th day of July, 2026, at Oakland, CA.

/s/Jeremy L. Friedman
Jeremy L. Friedman

7

**CERTIFICATE OF COMPLIANCE**

1.      This paper complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(A), because it contains 1,160 words, excluding the parts of the motion required by Federal Rule of Appellate Procedure 27(a)(2)(B).

2.      This paper complies with the typeface requirements of Federal Rule of Appellate Procedure 27(d)(1)(E) and the type style requirements of Federal Rule of Appellate Procedure 32(a)(6) because it has been prepared in a proportionally spaced typeface using WordPerfect in 14 point Times New Roman.

/s/Jeremy L. Friedman
Jeremy L. Friedman

**CERTIFICATE OF SERVICE**

I hereby certify that on July 29, 2026, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the CM/ECF system.  I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

/s/Jeremy L. Friedman
Jeremy L. Friedman
